1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HUNG DUONG NGUON,

11            Petitioner,                        No. CIV S-10-3346 EFB P

12        vs.

13   TIM VIRGA,

14            Respondent.

15   _____/

16   HUNG DUONG NGUON,

17            Petitioner,                        No. CIV S-11-0244 EFB P

18        vs.

19   TIM VIRGA,

20            Respondent.                        <u>ORDER</u>

21   _____/

22        Petitioner, a state prisoner without counsel, has filed these lawsuits on habeas corpus

23   forms.  *See* 28 U.S.C. § 2254.  These proceedings were referred to this court by Local Rule 302

24   pursuant to 28 U.S.C. § 636(b)(1) and are before the undersigned pursuant to petitioner's consent.

25   *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

26   ////

1

1    In 10-3346, petitioner alleges that California Medical Facility is giving him inadequate

2  medical care.  Specifically, he states that although he is taking blood pressure medication, the

3  prison medical staff has not properly monitored his blood pressure.  In 11-0244, petitioner alleges

4  that the prison is throwing away his internal appeals regarding his medical care.  He alleges that

5  he has chest pain and high blood pressure and that he has not been receiving his chest pain

6  medication and was not allowed to see a cardiologist.

7    In both cases, petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C.

8  § 1915(a).  Examination of the *in forma pauperis* affidavits reveal that petitioner is unable to

9  afford the costs of suit. Therefore, his requests are granted; however, the petitions must be

10  dismissed.

11    Petitioner has filed more than thirty actions in this court, generally on habeas corpus

12  forms, including nine actions before the undersigned.  He has repeatedly been advised that he

13  may not bring claims challenging the conditions of his confinement via a petition for habeas

14  corpus.

15    As petitioner has already been told, a federal court may only grant a petition for writ of

16  habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution

17  . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to

18  challenge the "legality or duration" of his confinement.  *Badea v. Cox*, 931 F.2d 573, 574 (9th

19  Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)); Advisory Committee Notes

20  to Rule 1 of the Rules Governing § 2254 Cases.  Because petitioner's claims do not challenge his

21  custody, they are not appropriate for a § 2254 action.  Therefore, these cases are dismissed. *See*

22  Rule 4, Rules Governing § 2254 Cases.

23    If petitioner wishes to bring these claims in a lawsuit under 42 U.S.C. § 1983 instead, he

24  must file the lawsuit in a new case on a civil rights form.

25  ////

26  ////

1    Accordingly, IT IS HEREBY ORDERED that:

2    1. Petitioner's requests to proceed in forma pauperis are granted; and

3    2. These actions are dismissed.

4    DATED:  March 1, 2011.

5

EDMUND F. BRENNAN
6    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3